**OMR PIPE LINE COMPANY, Appellant,**

v.

**GURLEY OIL COMPANY, Appellee.**

No. 71–1576.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1972.

Decided June 15, 1972.

it due to the refusal of defendant OMR to permit Gurley Oil on the premises, but reserved for future determination the actual amount of such damages.

On this appeal OMR contends that the district court did not have jurisdiction and that, assuming the district court did have jurisdiction, its order was erroneous. We affirm.

We find, as did the district court, that this action was based on 49 U.S.C. § 1(3) and § 1(4), and that the district court had jurisdiction under 28 U.S.C. § 1337. The dispute before the trial court centered around the contention that OMR acted without authority in imposing the insurance requirement; thus, the district court was a proper forum. See, Pacific Gamble Robinson Co. v. Minneapolis & St. Louis Ry. Co., 105 F.Supp. 794 (D. Minn.1952), aff'd in part, rev'd in part, 215 F.2d 126 (8th Cir. 1954).

OMR's second contention is based upon the premise that no duty was owed to Gurley Oil since Gurley Oil was not the consignee and the relationship between the two parties was too remote. This argument results from the fact that American Petrofina Refining Company is both the shipper and consignee.

The district court found that Gurley Oil was in the same position as a consignee since OMR knew in advance of each shipment that Gurley Oil was to receive the goods. It found that OMR and Petrofina had entered into an agreement authorizing OMR to make delivery to Triangle Refineries, Inc. at West Memphis, Arkansas. This arrangement continued for several years until shortly before OMR automated its terminal facility. It further found that, pursuant to an agreement between OMR and Triangle, OMR issued keys and cards furnished by OMR to Gurley Oil which were used to receive the shipments at the automated terminal facility. Pursuant to these same agreements, OMR issued forms, described by the parties variously as bills of lading, truck receipts and shipping documents, to Triangle which were filled in by Triangle to show Gurley Oil as the

J. P. Greve, Tulsa, Okl., C. David Furrow, West Memphis, Ark., for appellant.

Edward G. Grogan, Memphis, Tenn., J. H. Spears, West Memphis, Ark., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and MEHAFFY and STEPHENSON, Circuit Judges.

MEHAFFY, Circuit Judge.

This is an appeal by OMR Pipe Line Company, hereinafter referred to as OMR, from an order entered on September 23, 1971 by The Honorable Garnett Thomas Eisele, Judge of the United States District Court for the Eastern District of Arkansas. The order permanently enjoined OMR from failing or refusing to permit Gurley Oil Company and its agents and employees to come upon OMR's premises to accept shipments of petroleum products consigned to it or for its benefit because of Gurley Oil's failure to provide OMR with insurance information. The district court found that plaintiff Gurley Oil was entitled to recover the actual damages sustained by

consignee. The exhibits in this case also show conclusively that Gurley Oil was a consignee.

We reject OMR's contention that no duty was owed to any party except Petrofina. While it is true that the only duty or obligation owed to deliver goods under § 8 of the Act (49 U.S.C. § 88) runs to the consignee named in the bill of lading, 49 U.S.C. § 122, at least some obligations of a consignee may be transferred even under a nonnegotiable bill of lading. 49 U.S.C. § 112; G. A. C. Commercial Corp. v. Wilson, 271 F.Supp. 242 (S.D.N.Y. 1967).

Although OMR studiously avoids describing any of the documents as bills of lading, we note that a receipt or bill of lading is required for these shipments, 49 U.S.C. § 20(11), and that the documents relied upon by OMR to show Petrofina as shipper and consignee, designated as notices of shipment, are receipts or bills of lading. The same is true as to the notices of shipment relied upon by Gurley Oil which were furnished by OMR and filled in by Triangle. Apparently, then, a receipt or bill was issued to Petrofina on the delivery to West Memphis and a second one issued in order for Gurley Oil to actually receive the goods.

On these facts, we hold that the evidence shows at least a transfer of right to delivery and hence Gurley Oil is in the same position as Petrofina in this regard. The district court's finding that there is no provision in OMR's tariff nor any other regulation which would require those in Gurley Oil's status to furnish the insurance information required by OMR is undisputed. We agree with the district court that OMR's rules regarding insurance are required to be in its tariff filed with the Interstate Commerce Commission (49 U.S.C. § 6(1); see, Minneapolis & St. Louis Ry. Co. v. Pacific Gamble Robinson Co., 8 Cir., 215 F.2d 126, 136) and that OMR may not lawfully impose such a requirement without first obtaining authority therefor from the Interstate Commerce Commission.

Accordingly, the judgment is affirmed.